[Cite as *State v. Barnette*, 2017-Ohio-9074.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 17 MA 0027 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LORENZA BARNETTE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:  Criminal Appeal from the Court of Common Pleas of Mahoning County, Ohio
Case No. 2009 CR 1122

JUDGMENT:  Affirmed.

APPEARANCES:

For Plaintiff-Appellee:  Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant:  Lorenza Barnette, *Pro se*
#620464
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated: December 15, 2017

WAITE, J.

{¶1} Appellant Lorenza Barnette appeals a January 31, 2017 decision of the Mahoning County Common Pleas Court to deny his "Petition to Vacate Void Judgment the Court lacks Jurisdiction pursuant to R.C. 29.53.23." Appellant claims that the trial court lacked jurisdiction over him because he was arrested without a warrant or probable cause. He also argues that his indictment did not comply with Crim.R. 6(F). For the reasons provided, Appellant's petition is untimely and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} This appeal stems from a murder that occurred in August of 2009. On August 11, 2009, someone spotted a burning car near the Mahoning River and called the fire department. The fire department arrived and found two bodies inside the car. The victims' arms, legs, and mouths had been bound by duct tape. Additionally, each victim had a plastic bag covering their head which was secured by duct tape. Investigators tracked the materials used to bind the victims to a local Dollar General and, after reviewing security footage, determined that Appellant purchased those items.

{¶3} On October 1, 2009, Appellant was indicted on: two counts of aggravated murder in violation of R.C. 2903.01(A), (F) with death specifications, two counts of aggravated murder in violation of R.C. 2903.01(B), (F) with two death specifications, two counts of kidnapping, felonies of the first degree in violation of R.C. 2905.01(A)(2), (C), two counts of aggravated robbery, felonies of the first

degree in violation of R.C. 2911.01(A), (B), (C), and one count of arson, a felony of the fourth degree in violation of R.C. 2909.03(A)(1), (B)(2).

**{¶4}** A jury convicted Appellant on all counts except for the two aggravated robberies. After conclusion of the mitigation phase of sentencing, the jury recommended that Appellant be sentenced to life in prison without the possibility of parole. On October 26, 2011, the trial court did sentence Appellant to life in prison without the possibility of parole on the two R.C. 2903.01(A), (F) aggravated murder counts. These merged with the two R.C. 2903.01(B), (F) aggravated murder counts. The court also sentenced Appellant to ten years of incarceration on each of the two kidnapping counts and eighteen months for arson. All sentences were ordered to run consecutively.

**{¶5}** Appellant filed a timely direct appeal and we affirmed his convictions and sentence in *State v. Barnette,* 7th Dist. No. 11 MA 196, 2014-Ohio-5673. Appellant then filed a motion to reopen, which we denied in *State v. Barnette,* 7th Dist. No. 11 MA 196, 2015-Ohio-1280. On August 13, 2015, Appellant filed a "Motion for Leave to File a Delayed Motion for New Trial Pursuant to Criminal Rule 33." The trial court denied Appellant's motion and we affirmed the trial court's decision in *State v. Barnette,* 7th Dist. No. 15 MA 0160, 2016-Ohio-3248.

**{¶6}** On August 23, 2016, Appellant filed a "Motion for Leave to File a Delayed Motion Court Lacks Jurisdiction" and a "Motion for Leave to File a Delayed Motion to Squash After-the-Fact Arrest Warrant." On August 29, 2016, Appellant filed a second "Motion to Squash After-the-Fact Arrest." The trial court denied all

three motions. On October 17, 2016, Appellant filed a "Writ of Error Quo Warranto," which was denied by the trial court. On December 15, 2016, Appellant filed a "Petition to Vacate A Void Judgment and Conviction Due to the Court Did Not Have Jurisdiction of the Person of the Petitioner and Errors in the Indictment Process Default Subject Matter Jurisdiction Pursuant to R.C. 2953.21 (A)(1)(a) (A)(4) (D) (G)." The trial court denied the motion. No appeals were taken from any of these decisions. On January 24, 2017, Appellant filed a "Petition to Vacate Void Judgment the Court Lacks Jurisdiction Pursuant to R.C. 2953.23." The trial court denied this motion and an appeal followed.

<u>Postconviction Petition</u>

{¶7} In order to successfully assert a postconviction petition, "the petitioner must demonstrate a denial or infringement of his rights in the proceedings resulting in his conviction sufficient to render the conviction void or voidable under the Ohio or United States Constitutions." *State v. Agee*, 7th Dist. No. 14 MA 0094, 2016-Ohio-7183, ¶ 9, citing R.C. 2953.21(A)(1). The petitioner is not automatically entitled to a hearing. *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982). Pursuant to R.C. 2953.21(C), the petitioner bears the burden of demonstrating "substantive grounds for relief" through the record or any supporting affidavits. However, because a postconviction petition is not a forum in which to relitigate issues that could have been raised on direct appeal, *res judicata* bars many claims. *Agee* at ¶ 10.

{¶8} The doctrine of *res judicata* "bars an individual from raising a defense or claiming a lack of due process that was or could have been raised at trial or on direct

appeal." *State v. Croom*, 7th Dist. No. 13 MA 98, 2014-Ohio-5635, ¶ 7, citing *State v. Ishmail*, 67 Ohio St.2d 16, 18, 423 N.E.2d 1068 (1981). Conversely, where "an alleged constitutional error is supported by evidence that is de hors the record, res judicata will not bar the claim because it would have been impossible to fully litigate the claim on direct appeal." *State v. Green*, 7th Dist. No. 02 CA 35, 2003-Ohio-5142, ¶ 21, citing *State v. Smith*, 125 Ohio App.3d 342, 348, 708 N.E.2d 739 (12th Dist.1997).

### Timeliness

{¶9} The state contends that the trial court properly dismissed Appellant's postconviction petition as untimely. In relevant part, R.C. 2953.21(A)(2) provides that a postconviction petition "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction."

{¶10} Ohio law provides a two-part exception in R.C. 2953.23(A)(1)(a)-(b). Pursuant to R.C. 2953.23(A)(1)(a), the petitioner must either show that he:

was unavoidably prevented from discovery of the facts upon which [he] must rely to present the claim for relief, or, * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶11} Pursuant to R.C. 2953.23(A)(1)(b), the petitioner must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable

factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."

**{¶12}** The record reflects that Appellant filed the trial transcripts with this Court on June 15, 2012. Appellant filed his postconviction petition on January 24, 2017, more than four years after filing his transcripts. Pursuant to R.C. 2953.21(A)(2), his petition is untimely unless he can show that his case falls within the exception provided by R.C. 2953.23(A)(1)(a)-(b).

**{¶13}** Appellant argues that he was unavoidably prevented from discovering a Liberty Police Department incident report and his indictment. As to the incident report, Appellant argues that he was unable to earlier discover the document because two officers filed fraudulent police reports, his counsel was ineffective, and the prosecutor impermissibly withheld the report.

**{¶14}** Appellant has previously raised this exact argument in an August 23, 2016 "Motion for Leave to File a Delayed Motion Court Lacks Jurisdiction," an August 29, 2016 "Motion to Quash After-the-Fact Arrest Warrant," an August 29, 2016 motion arguing that the trial court was without jurisdiction due to the lack of an arrest warrant or probable cause, and an October 16, 2016 "Writ of Error Quo Warranto." Appellant attached a copy of the indictment report to each of these motions. In each motion, Appellant argued that the arresting officers did not have a warrant or probable cause to arrest him, the same argument he now raises. In one of his motions, Appellant states that he learned of this issue on June 21, 2016, seven months before he filed his current petition.

{¶15} Appellant also argues that he was unable to timely discover the direct presentment indictment. However, trial counsel requested a copy of the indictment in an October 9, 2009 discovery request. There is nothing within the record to suggest that the state did not comply with trial counsel's request. We also note that Appellant attached a copy of the indictment as an exhibit to his August 29, 2016 motion challenging the trial court's jurisdiction.

{¶16} As Appellant previously had access to both the incident report and the indictment, the trial court correctly determined that his petition was untimely and his untimeliness was not excused pursuant to R.C. 2953.23(A)(1)(a)-(b).

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED APPELLANT'S PETITION TO VACATE VOID JUDGMENT THE COURT LACKS JURISDICTION PURSUANT TO R.C. 2953.23.

{¶17} While Appellant presents four assignments of error, each of the assignments have the same heading and present similar arguments related to the Liberty Police Department incident report and his indictment. However, even if Appellant's petition could be construed as timely, he has previously raised these arguments in several of his earlier motions and appeals. As such, he is barred by *res judicata* from raising them yet again.

## Conclusion

{¶18} Appellant argues that he was arrested without a warrant or probable cause. He also argues that his indictment did not comply with Crim.R. 6(F). For the reasons provided, Appellant's petition is untimely and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.